**FILED**

DEC 3 0 2009

Clerk, U.S. District and
Bankruptcy Courts

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Marc Edwin Applewhite, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. **09 2439** |
| District of Columbia District Attorneys Office et al., | ) |
| Defendants. | ) |

### MEMORANDUM OPINION

Before the Court is the plaintiff's pro se complaint and application to proceed in forma pauperis. The application will be granted and the complaint will be dismissed because it seeks relief that is not available through a civil action.

Plaintiff was indicted by a federal grand jury and convicted on a guilty plea for armed bank robbery in the United States District Court for the District of Columbia. Compl. at 3. Alleging that he should have been charged with no more than attempted armed bank robbery, plaintiff filed this action seeking $950,000 in damages and immediate release from his sentence of imprisonment. *Id.* at 3-4.

A collateral challenge to a conviction and sentence imposed by a federal court must be brought by motion made under 28 U.S.C. § 2255, lodged with the court that imposed the judgment and sentence. 28 U.S.C. § 2255(a). The court's docket shows that the plaintiff has filed such a motion with the sentencing court, which is pending. *See Applewhite v. U.S.A.,* Civil Action 09-2293 (CKK) (D.D.C.).

A suit for damages against the federal prosecutor's office that secured the indictment by a grand jury is the equivalent of a suit against the United States itself. *Kentucky v. Graham,* 473 U.S. 159, 165-66 (1985). The United States enjoys sovereign immunity from suit and may be sued only where it has expressly waived its immunity and consented to suit. *FDIC v. Meyer,* 510 U.S. 471, 475 (1994). The complaint does not identify any federal law or common-law duty that was allegedly breached. In any case, the United States has not consented to suit for alleged constitutional violations by its officials, *id.* at 486, or to suit under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680, if the suit arises from the performance of a discretionary function, 28 U.S.C. § 2680(a), which includes a prosecutor's decision to seek an indictment and prosecute charges, *Moore v. Valder,* 65 F.3d 189, 196-97 (D.C. Cir. 1995). A federal grand jury is not an entity that may either sue or be sued. In short, the complaint does not identify any defendant as to which this complaint may be maintained. Therefore, because it seeks damages from defendants who are immune from suit, the complaint will be dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

A separate order accompanies this memorandum opinion.

Date: 12/21/09

_____
United States District Judge